JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>EMILY GRENE CORP., a California corporation; BURKE H. EWERS, an individual; ADRIENNE L. EWERS, an individual, and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO.  2:23-cv-6102-MEMF-MRW<br><br>JUDGMENT [ECF NO. 20] |

Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY ("Plaintiff" or "Judgment Creditor"), commenced this action by filing the Complaint in the above referenced action (the "Lawsuit"). Defendants EMILY GRENE CORP., BURKE H. EWERS and ADRIENNE L. EWERS (collectively, the "Defendants"), were duly served with the Summons and the Complaint for the Lawsuit.

As used herein, the term "Judgment Debtor" and "Judgment Debtors" shall mean and refer to Defendants.

/ / /

/ / /

1

## STIPULATED JUDGMENT AND ORDER BETWEEN JUDGMENT CREDITOR AND JUDGMENT DEBTORS

The Judgment Creditor and Judgment Debtors have agreed to entry of this Stipulated Judgment and Order Between Judgment Creditor and Judgment Debtors as it relates to the allegations contained in the operative pleadings (the "Judgment").

NOW, THEREFORE, Judgment Creditor and Judgment Debtors, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Payments.** The Judgment Debtors shall be liable, joint and severally, for monetary damages to Judgment Creditor equal to Three Hundred and Fifteen Thousand Dollars ($315,000), payable in installments as set forth in Paragraphs 1.1 - 1.4.

   1.1 **First Payment.** The Judgment Debtors shall make the first payment of Twenty-Seven Thousand Dollars ($27,000) within 30 days of entry of the Judgment. If payment is not timely received in full, interest shall accrue on all outstanding amounts at a rate of ten percent (10%) per annum subject to Paragraph 1.4 below.

   1.2 **Second Payment.** The Judgment Debtors shall make the second payment of Ninety-Three Thousand Dollars ($93,000) within 180 days of entry of the Judgment. If payment is not timely received in full, interest shall accrue on all outstanding amounts at a rate of ten percent (10%) per annum subject to Paragraph 1.4 below.

   1.3 **Third Payment.** The Judgment Debtors shall make the third payment of Ninety-Three Thousand Dollars ($93,000) within 270 days of entry of the Judgment. If payment is not timely received in full, interest shall accrue on all outstanding amounts at a rate of ten percent (10%) per annum subject to Paragraph 1.4 below.

   1.4 **Fourth Payment.** The Judgment Debtors shall make the fourth payment of One Hundred and Two Thousand Dollars ($102,000) within 360 days of entry of the Judgment, including accrued interest. If Judgment Creditor has not received full payment for all amounts owed under the Judgment by 360 days of entry of the Judgment, the Court shall enter Judgment for the balance owed with interest and fees included.

2. **Delivery of Payments.** All payments made to Judgment Creditor pursuant to the

1 | Judgment shall be made payable to "Liberty Mutual Insurance Company" in readily available
2 | funds and delivered to counsel for Judgment Creditor, Jeffrey D. Hook Esq., at:

3 | SMTD Law LLP
4 | Attn: Jeffrey D. Hook, Esq.
5 | 17901 Von Karman Avenue, Suite 500
6 | Irvine, CA 92614

7 | 3. Waiver of Rights to Appeal Judgment. The Judgment Debtors agree to fully and
8 | unconditionally waive all of their rights to appeal the Judgment.

9 | 4. Attorney's Fees. Judgment Creditor and the Judgment Debtors shall each bear their
10 | own respective attorneys' fees and costs accrued in the Lawsuit. If any party to the Judgment
11 | seeks to enforce or moves for any order related to the Judgment, the prevailing party shall be
12 | entitled to payment of its reasonable attorneys' fees.

13 | 5. Stay. The court shall retain jurisdiction of this matter for the purpose of enabling
14 | the parties to apply to the court at any time for such further orders and directives as may be
15 | necessary or appropriate for the interpretation of the Judgment or for the enforcement of
16 | compliance therewith.

**Mutual Release of Claims**.

18 | 6. Plaintiff's Release of Claims. Upon full payment of all sums owed by the
19 | Judgment Debtors under the Judgment, the Judgment Creditor agrees to finally and forever
20 | release, waive, and discharge the Judgment Debtors from any and all claims that relate to or arise
21 | from the Lawsuit.

22 | 7. Defendants' Release of Claims. Upon full payment of all sums owed by the
23 | Judgment Debtors under the Judgment, the Judgment Debtors agree to finally and forever release,
24 | waive, and discharge the Judgment Debtors from any and all claims that relate to or arise from the
25 | Lawsuit.

26 | 8. Bankruptcy or Insolvency Proceeding. Each of the Judgment Debtors individually
27 | acknowledges and the Judgment Debtors collectively acknowledge that each payment and all of
28 | the payments made pursuant to the terms of Paragraphs 1.1 — 1.4 are a contemporaneous

exchange for new value given to Judgment Creditor and/or are in fact a contemporaneous exchange as those terms are understood under the United States Bankruptcy Code. In addition, the Judgment Debtors acknowledge that each payment and all of the payments made pursuant to the terms of Paragraphs 1.1 — 1.4 were negotiated at arm's length, were made in good faith, and were/are supported by value and/or reasonable equivalent value received from Judgment Creditor in exchange for such payments. Moreover, the Judgment Debtors, either individually and/or collectively, shall not file a petition under any chapter of the United States Bankruptcy Code within 91 days of the receipt of any payment to Judgment Creditor made by the Judgment Debtors pursuant to this Judgment. In addition, the Judgment Debtors, individually and/or collectively, shall not file any receivership, dissolution, assignment for the benefit of creditors, or similar voluntary insolvency proceeding within 91 days of the receipt of any payment by the Judgment Creditor made by the Judgment Debtors pursuant to this Agreement, including but not limited to the Fourth Payment. If the Judgment Debtors, either individually or collectively, file a petition for relief under any chapter(s) of the United States Bankruptcy Code before this Judgment is fully performed, the Judgment Creditor shall be entitled to immediate relief from and lifting of the automatic stay under Paragraph 362 of the United States Bankruptcy Code without any opposition from the Judgment Debtors and/or any of the Judgment Debtors that filed such petition (each a "Filing Debtor"). Moreover, each Filing Debtor waives each and every defense, setoff, or counter-claim(s) that it could otherwise assert in opposition to any motion by the Judgment Creditor for relief from the automatic stay for any purpose.

///

Similarly, the Judgment Debtors acknowledge that each of them individually and/or collectively agree(s) that any voluntary insolvency proceedings, whether for the appointment of a receiver, an assignment for the benefit of creditors, a dissolution, or similar insolvency proceeding was/is/has been filed in bad faith, and any motion filed by the Judgment Creditor to dismiss such proceeding(s) should be immediately granted and that the Judgment Debtors, individually and/or collectively, waive any and all defenses to any motion(s) filed by the Judgment Creditor to dismiss such proceeding(s).

IT IS SO ORDERED.

Dated: December 28, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge